UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| LAUREN A. KLOTSCHE, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILARLY SITUATED, }<br>**}**<br>Plaintiff, }<br>v }<br>}<br>ALLTRAN FINANCIAL, LP, }<br>}<br>Defendant. } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Lauren A. Klotsche [hereinafter "Klotsche"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Alltran Financial, LP [hereinafter "Alltran"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district.  Venue in this district also is proper based on Defendant possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendant also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Klotsche is a natural person who resides at 83 Ontario Street, Port Jefferson Station, NY 11776.

6. Klotsche is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about July 11, 2017, Alltran sent Klotsche the letter annexed as Exhibit A. Klotsche received and read Exhibit A. For the reasons set forth below, Klotsche's receipt and reading of Exhibit A deprived Klotsche of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Alltran sent Exhibit A to Klotsche in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by USAA Savings Bank for her individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. Alltran, via Exhibit A, attempted to collect this past due debt from Klotsche in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

10. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Alltran is a Texas Limited Partnership and a New York Foreign Limited Partnership.

12. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs. Alltran possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

13. Based upon Exhibit A and upon Alltran possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ARS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. On Exhibit A, Alltran sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

15. Based upon the allegations in the above three paragraphs, Alltran is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FIRST CAUSE OF ACTION-CLASS CLAIM

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

17. Exhibit A sets forth the following: "Current Amount Due: $1,832.01".

18. If on the date of Exhibit A USAA Savings Bank was not accruing interest, late charges, and/or other charges on the "Current Amount Due: $1,832.01" set forth in Exhibit A, then Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the "current" amount due or describing the amount due as the "current" amount due.

## SECOND CAUSE OF ACTION-CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

20. Exhibit A sets forth the following: "Current Amount Due: $1,832.01".

21. Upon information and belief, USAA Savings Bank continued to accrue interest, late charges, and/or other charges on the "Current Amount Due: $1,832.01" set forth in Exhibit A.

22. Exhibit A failed to notify Klotsche that her "Current Amount Due: $1,832.01" may increase due to the aforementioned accrued interest, late charges, and/or other charges.

23. Exhibit A did not set forth what Klotsche would need to pay to resolve the debt at any given moment in the future.

24. For the above reason, as a result of the aforementioned omissions from Exhibit A, Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) by sending Exhibit A to Klotsche.

## THIRD CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-15 of this Complaint.

26. Exhibit A contains the following statement:

> "Please remit payment in full of any undisputed amount, payable to our client, in the enclosed envelop"

27. The above statement could mislead or deceive the least sophisticated consumer that she could exercise her right to dispute the debt merely by paying in full any undisputed amount without also actually exercising her right to dispute the debt in accordance with 15 USC § 1692g(b).

28. Based on the above and for other reasons, As a result of sending Exhibit A to Klotsche, Defendants violated 15 USC § 1692g.

## FOURTH CAUSE OF ACTION-CLASS-CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-41 of this Complaint.

30. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

32. The class consists of (a) all natural persons (b) who received a letter from Alltran dated between July 11, 2017 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

33. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

35. The predominant common question is whether Defendant's letters violate the FDCPA.

36. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

37. A class action is the superior means of adjudicating this dispute.

38. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendant in favor of Plaintiff and the class members for statutory in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:   July 12, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107